**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GEORGE P. PREDHAM,                :
                                  :   Civil Action No. 06-3922 (JAP)
        Petitioner,       :
                                  :
        v.                :   **OPINION and ORDER**
                                  :
STATE OF NEW JERSEY,              :
                                  :
        Respondent.       :

**APPEARANCES:**

Petitioner <u>pro se</u>
George P. Predham
Trenton Psychiatric Hospital
P.O. Box 7500
West Trenton, NJ 08628

PISANO, District Judge

    Petitioner, a civilly-committed mental patient confined at Trenton Psychiatric Hospital in Trenton, New Jersey, has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petition names no Respondent. Construing the Petition liberally, the Clerk of the Court has docketed the case with the State of New Jersey as Respondent.

    Pursuant to 28 U.S.C. § 2254, United States district courts have power to entertain petitions for writs of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts similarly requires that the Petition "must name as respondent the state officer who has custody."

In the context of aliens confined in connection with removal proceedings, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Thus, under the circumstances of this case, it appears that the warden or chief administrative officer of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.

In addition, petitions for the writ of habeas corpus must meet heightened pleading requirements. Pursuant to Rule 2(c), the petition must "(1) specify all the grounds for relief

available to the petitioner; [and] (2) state the facts supporting each ground ... ."  Rule 2(d) requires that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  Local Rule 81.2(a) of the District of New Jersey requires that pro se petitions for writ of habeas corpus shall be "on forms supplied by the Clerk."  As grounds for relief, the Petition states only "The purpose of this habeas corpus is to have my confinement reviewed by the Federal District Court."  This Petition fails to specify the grounds on which Petitioner challenges his confinement and is not in the required form.

Finally, pursuant to 28 U.S.C. § 2254(b):

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Here, Petitioner suggests that he has not exhausted his state remedies.  He states, "Although state law provides for an automatic state review of my confinement, the very purpose of habeas corpus here is to allege that confinement by state authorities is without color of law.  Therefore, review by state

authorities is meaningless."  The allegation that exhaustion of state remedies is inherently "meaningless" is not sufficient to establish that circumstances exist that render state process ineffective to protect Petitioner's rights.

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

It appearing that:

1.  Petitioner has failed to name as a respondent the person having custody of him; and

2.  Petitioner has failed to specify the grounds for relief or to comply with the pleading requirements for a habeas petition; and

3.   Petitioner has failed to exhaust the remedies available in the courts of the State of New Jersey or to explain why exhaustion should be excused;

IT IS on this 23rd day of August, 2006,

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form petition for writ of habeas corpus under 28 U.S.C. § 2254; and it is further

ORDERED that, within 30 days after entry of this Order, Petitioner may file an amended petition naming as a party respondent the person having custody of him, specifying the grounds on which he seeks relief, and stating whether he has exhausted the remedies available to him in the courts of the State of New Jersey and, if not, explaining why not; and it is further

ORDERED that if Petitioner does not file such an amended petition within the above 30-day period, the Court may enter an Order dismissing the Petition without prejudice for failure to name an indispensable party and for failure to state a claim.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge