```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

GEORGE P. PREDHAM,            :
                                       Civil Action No. 06-3922 (JAP)
         Petitioner,          :

         v.                   :   **OPINION AND ORDER**

STATE OF NEW JERSEY,          :

         Respondents.         :

      By Opinion and Orders [docket entries nos. 2, 3] entered August 24, 2006, this Court Ordered Petitioner to submit, within 30 days thereafter, a complete application for leave to proceed in forma pauperis and an amended petition naming a proper respondent and setting forth his claims, or the petition would be dismissed.

      Petitioner has since submitted an Application [8] for leave to proceed in forma pauperis which indicates that he qualifies for such status.  In addition, however, Petitioner has failed to submit an amended petition.  Petitioner has submitted, however, several letters [5, 6, 7, 9, 10, 11, 12].  It is apparent from Petitioner's letters that he seeks to challenge his involuntary civil commitment.  Petitioner asserts that his commitment is based not on a mental illness but on his homelessness and religious beliefs.

      Accordingly, on its own motion, this Court will consider whether appointment of counsel at this time is in the interest of justice.  See 18 U.S.C. § 3006A(a)(2)(B).

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require."  See also 28 U.S.C. § 1915(e) (permitting appointment of counsel for indigent civil litigants proceeding in forma pauperis).

> In exercising its discretion under §3006A,
>
> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims.  Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

Reese, 946 F.2d at 263-4 (citations omitted).

This standard is essentially the same as that applied under 28 U.S.C. § 1915(e).  See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to appoint counsel to

civil litigants proceeding in forma pauperis, a court should consider the following factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>     (1) the plaintiff's ability to present his or her own case;
>     (2) the complexity of the legal issues;
>     (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>     (4) the amount a case is likely to turn on credibility determinations;
>     (5) whether the case will require the testimony of expert witnesses;
>     (6) whether the plaintiff can attain and afford counsel on his own behalf.
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>     Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

Analysis of these factors reveals that appointment of counsel is appropriate at this time.  As a preliminary matter, the Petition presents a potentially meritorious claim.

> There can be no doubt that involuntary commitment to a mental hospital, like involuntary confinement of an individual for any reason, is a deprivation of liberty which the State cannot accomplish without due process of law. Specht v. Patterson, 386 U.S. 605, 608, 87 S.Ct. 1209, 1211, 18 L.Ed.2d 326 (1967). Cf. In re Gault, 387 U.S. 1, 12-13, 87 S.Ct. 1428, 1435-1436, 18 L.Ed.2d 527 (1967). Commitment must be justified on the basis of a legitimate state interest, and the reasons for committing a particular individual must be

3

>established in an appropriate proceeding. Equally
>important, confinement must cease when those reasons no
>longer exist. See McNeil v. Director, Patuxent
>Institution, 407 U.S. 245, 249-250, 92 S.Ct. 2083,
>2086-2087, 32 L.Ed.2d 719 (1972); Jackson v. Indiana,
>406 U.S. 715, 738, 92 S.Ct. 1845, 1858, 32 L.Ed.2d 435
>(1972).

O'Connor v. Donaldson, 422 U.S. 563, 580 (1975).  "[T]o commit an individual to a mental institution in a civil proceeding, the State is required by the Due Process Clause to prove by clear and convincing evidence the two statutory preconditions to commitment: that the person sought to be committed is mentally ill and that he requires hospitalization for his own welfare and protection of others."  Foucha v. Louisiana, 504 U.S. 71, 75-76 (1992) (citing Addington v. Texas, 441 U.S. 418 (1979)). Petitioner allegations are sufficient to state a claim that he has been committed to a mental institution in violation of the requirements of the Due Process Clause.

However, Petitioner appears unable to present the facts surrounding his claim in a cogent manner.  Indeed, despite his clear desire to challenge his commitment, as evidenced by his many letters to the Court in a short period of time, Petitioner has been unable to follow this Court's instructions to complete a form § 2254 Petition naming a proper respondent.

Moreover, it appears unlikely that Petitioner will be able to marshal the resources necessary to investigate and present the evidence to support his claim or to articulate legal arguments.

He may require the assistance of expert witnesses.  Finally, it is apparent that appointment of counsel will assist the Court in its understanding and evaluation of Petitioner's claims.

    For the reasons stated above:

    IT IS on this 17th day of November, 2006,

    ORDERED that Petitioner's Application [8] for leave to proceed in forma pauperis is GRANTED; and it is further

    ORDERED, pursuant to 18 U.S.C. § 3006A(a)(2)(B) that this matter is hereby referred to the Clerk of the Court for appointment of an attorney from the Civil Pro Bono Panel and for further action in accordance with Appendix H of the Local Civil Rules.

    /s/ JOEL A. PISANO
    Joel A. Pisano
    United States District Judge